UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL KEETON,** *et al.***,**

    **Plaintiffs,**

vs.

                                    Civil Action 2:09-cv-1085
                                    Judge Algenon L. Marbley
                                    Magistrate Judge E.A. Preston Deavers

**TIME WARNER CABLE,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

### I.

This matter is before the Court on Plaintiffs' Motion to Compel Responses to Their Interrogatories and Requests for Production of Documents pursuant to Federal Rule of Civil Procedure 37 (Doc. 30). Plaintiff brings this collective and class action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Ohio Minimum Wage Act, O.R.C. §§ 4111.01, *et seq.*, alleging that Defendants failed to pay them overtime wages. The parties agreed to bifurcated discovery, with the first phase focusing on "whether defendant Time Warner Cable was the 'joint employer' of the named plaintiffs." (Pretrial Order, 3/12/10, at 4.)

In their Interrogatories and Requests for Production of Documents, Plaintiffs requested information involving how Defendants (collectively Defendant Time Warner) treated their own employees. Plaintiffs assert that this information is relevant to the joint employer inquiry "so that Plaintiffs can compare the way Defendant treated them with the way it treated its employees." (Pls.' Mot. to Compel 1.) Defendants objected to Plaintiffs' discovery requests as irrelevant,

maintaining that information about their employees has "no bearing on the issue of whether Time Warner jointly employed the four named Plaintiffs." (Defs.' Resp. to Pls.' Mot. to Compel 2.)

The sole issue the Court addresses in this Opinion and Order is whether Plaintiffs are entitled to discovery on the issue of how Defendant Time Warner treated its own employees.[1] For the reasons that follow, Plaintiffs' Motion to Compel Responses to Their Interrogatories and Requests for Production of Documents (Doc. 30) is **GRANTED**.

## II.

Determining the scope of discovery is within this Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Federal Rule of Civil Procedure 37 allows a plaintiff to file a motion to compel when a defendant fails to provide a response to interrogatories or requests for documents. Fed. R. Civ. P. 37(a).

As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26

---

[1] Defendants made several objections in answering Plaintiffs' discovery requests. Nevertheless, it is the Court's understanding that the parties have, or are attempting to, resolve other discovery issues without the intervention of the Court. *See* S.D. Ohio Civ. R. 37.1 (requiring parties to exhaust extrajudicial means before filing motions). Defendants' Response, however, appears to raise issues regarding the breadth of Plaintiffs' requests. (*See* Defs.' Resp. to Pls.' Mot. to Compel 5–6, 13.) If the parties require judicial resolution of additional discovery disputes other than the singular issue addressed in this Order, they should move the Court separately, describing the full nature of the objections.

"broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 Fed. Appx. 900, 907 (6th Cir. 2009)(quoting *Bush*, 161 F.3d at 367).

## III.

To determine whether an entity is an "employer" for the purposes of the FLSA the Court must consider the "economic reality" of the situation. *United Stated Dept. of Labor v. Cole Enter., Inc.*, 62 F.3d 775, 778 (6th Cir. 1995). Under the FLSA, "a worker may be jointly employed by two entities, each of which is responsible for complying with the [act]." *Skills Dev. Serv., Inc. v. Donovan*, 728 F.2d 294, 300 (6th Cir. 1984) (citing 29 C.F.R § 791.2(a)). The issue of joint employment for the FLSA "depends upon all the facts in the particular case." 29 C.F.R § 791.2(a); *see also Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 902 (6th Cir. 1991) (noting that determination of "joint employer [status] is essentially a factual issue").

Whether a joint employment relationship exists is largely an issue of control. *See Int'l Longshoremen's Ass'n,* 927 F.2d at 902. The United States Court of Appeals for the Sixth Circuit has acknowledged four factors in determining "whether two companies are joint employers: the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership." *Id.* (quoting *Metro. Detriot Bricklayers Dist. Council v. J.E. Hoetger & Co.*, 672 F.2d 580, 584 (6th Cir. 1982)). While not dispositive with respect to this FLSA case, within the context of Title VII, the Sixth Circuit has considered other potential factors

3

including "exercise of authority to hire, fire, and discipline, control over pay and insurance, and supervision, which can bear on whether an entity, which is not the formal employer, may be considered a joint employer." *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 Fed. Appx. 587, 594 (6th Cir. 2009) (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 202 (2d Cir. 2005); *see also Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996)(listing eight factors, including the degree of control and supervision, that the Eleventh Circuit uses in evaluating joint employer status).

The Motion to Compel presents a close issue. As Plaintiffs' Reply indicates, neither side has been able to identify authority explicitly authorizing or rejecting the use of direct employee-comparison evidence in the joint employer context. Plaintiffs rely on a 1947 Supreme Court case for the notion that the treatment of direct employees is relevant in considering the employer relationship under the FLSA. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947)("Where the work done, in its essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the Act.") Defendants contend that the Court in *Rutherford* did not "compare the treatment of the employees of the defendant with the treatment of the independent contractor plaintiffs." ( Defs.' Resp. to Pls.' Mot. to Compel 9.) Furthermore, Defendants assert that the classic factors for determining joint employment consider the treatment of alleged joint employees rather than comparing the treatment of direct employees. Accordingly, Defendants object to Plaintiffs' discovery requests as being irrelevant. (*See* Defs.' Resp. To Pls.' Mot. to Compel 5–13.)

Federal Rule of Evidence 401 "set[s] a low bar for relevance." *Cambio Health Solutions, LLC v. Reardon*, 234 Fed. Appx. 331, 338 (6th Cir. 2007). As the United States Court of Appeals

for the Sixth Circuit has acknowledged, "[t]he rules regarding relevancy . . . are quite liberal and provide that 'evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence' is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998)(quoting Fed. R. Evid. 401). Accordingly, the Sixth Circuit has reasoned that "[e]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered" it must admit "the evidence if it has even the slightest probative worth." *Id.* (quoting *Douglas v. Easton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)(internal quotations omitted)).

The Court finds *Rutherford* instructive. While *Rutherford* did not engage in an outright comparison between direct and joint employees involved in the case, the Supreme Court emphasized "the usual path of an employee" in addressing an employment relationship under the FLSA. *Rutherford*, 331 U.S. at 729. The *Rutherford* Court's focus on the actual duties of the comparative workers, despite their labels independent contractors. This focus indicates that comparisons could have some bearing on a joint employee determination.

Ultimately, based on the lenient standard for relevancy, and the even more lenient standard for the scope of discovery, the Court finds that Plaintiffs may discover information regarding how Defendant Time Warner treats its direct employees. Although Defendants correctly note that traditional factors for assessing joint employment focus on treatment and duties of the alleged joint employees themselves, the matter is factually intensive and requires an analysis of many measures of employer control and other "economic realities." *Cole*, 62 F.3d at 778. Because the joint employer determination involves "all the facts in the particular case," information regarding how Defendant Time Warner treats its direct employees has the potential to

5

have probative value. 29 C.F.R § 791.2(a). For example, if similarities existed between the treatment of Plaintiffs and direct employees, Plaintiffs could argue that this evidence indicates that Defendant Time Warner was exercising sufficient control to create a joint-employee relationship. Consequently, the Court concludes that information about how a direct employee treats its own employees could have some bearing, or at a minimum could lead to admissible evidence that has some bearing, on the issue of whether a joint employment relationship exists between Plaintiffs and Defendant Time Warner.

## IV.

Based on the foregoing, Plaintiffs' Motion to Compel Responses to Their Interrogatories and Requests for Production of Documents (Doc. 30) is **GRANTED**. To the extent that they object to the relevance of discovery information regarding how Defendant Time Warner's treated its direct employees, Defendants are **INSTRUCTED** to respond to Plaintiffs' interrogatories and requests for production of documents.

**IT IS SO ORDERED.**

<u>May 24, 2010</u>                    <u>/s/ *Elizabeth A. Preston Deavers*</u>
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge